# In the United States Court of Federal Claims

| | |
|---|---|
| WILLIAM KOOPMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 09-cv-333 T<br><br>Filed: November 16, 2020 |
| PETER SOFMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 10-cv-157 T<br><br>Filed: November 16, 2020 |

**MEMORANDUM AND ORDER**

In response to this Court's April 28, 2020, and May 11, 2020 Orders (*Koopmann* ECF Nos. 143, 185 and *Sofman* ECF Nos. 117, 132), requiring that any motion for substitution pursuant to Rule 25 of the Rules of the U.S. Court of Federal Claims (Rules) be filed by July 1, 2020, several persons filed such Rule 25 motions related to their spouse's death (the "Movants"). All plaintiffs in these related actions are proceeding *pro se*, as are the Movants.[1] Defendant largely opposed such motions. *See Koopmann* ECF Nos. 309 & 347 (Burrus); 317 (Adams); 340 (McGrew); Fendelander (ECF No. 349).

---

[1] Although some of the *pro se* Movants filed their motions past the filing deadline, this Court nevertheless permitted the tardy filings and Defendant did not object to the motions on timeliness grounds.

Rule 25 states: "If a party dies and the claim is not extinguished, the court may order the substitution of the proper party." *See* Rule 25(a)(1). A motion for substitution may be made by "the decedent's successor or representative." *Id.* Each Movant in this action, acting *pro se*, has submitted adequate documentation showing, at minimum, that they were the surviving spouse of the decedent plaintiff, who also previously acted *pro se* in these actions. While Defendant contends that there may be unknown persons, other than the Movants who could act as a "proper party," under Rule 25, "there can be multiple persons . . . who would be eligible to submit an appropriate substitution motion to the Court." *Snyder v. Sec'y of Health & Human Servs.*, 69 Fed. Cl. 390, 392 (2006). This Court finds in its discretion that each Movant qualifies as a "proper party" under Rule 25. Accordingly, for good cause shown, the Court **GRANTS** the following motions for substitution:

- *Koopmann* ECF Nos. 307 & 343 (substituting Mary Ann Burrus for Gary M. Burrus);
- *Koopmann* ECF No. 315 (substituting Connie Adams for Larry H. Adams);
- *Koopmann* ECF Nos. 328 & 351 (substituting Molly McGrew for Richard W. Mitchell); and
- *Koopmann* ECF Nos. 341 & 360 (substituting Somchit Fendelander, Trustee of the Fendelander Family Trust for Dennis Fendelander).

The Clerk of Court is **ORDERED** to reflect the substitutions on the docket.

This Court waives the requirements of Rule 83.1 at this stage in the litigation as it relates to substitution by any Movants who are trustees, including Somchit Fendelander. Movants who are trustees, may continue in this action *pro se*, if they wish to do so. In light of the delay in adjudication of this case under the previous judge, and the nearly identical jurisdictional issues at issue in these actions, this Court finds it in the interest of justice to permit such Movant trustees

to continue to litigate in their deceased husbands' stead without having to hire counsel.[2]

This Court also previously granted five motions for substitution filed by the following Reconsideration Movants:  Diana Raymond, substituting for George Raymond (Order, *Koopmann* ECF No. 281);  Joan Donahue, substituting for Todd Donahue (Order, *Koopmann* ECF No. 282); Barbara Munyon, substituting for David Munyon (Order, *Koopmann* ECF No. 285); Carol Halstead, substituting for Jay A. Halstead (Order, *Sofman* ECF No. 166); and Judy A. O'Daniel, substituting for Samuel C. O'Daniel (Order, *Sofman* ECF No. 171).  Subsequently, Defendant filed a Motion for Reconsideration related to these five Orders (*Koopmann* ECF No. 297; *Sofman* ECF No. 174).

Defendant's Motions for Reconsideration (*Koopmann* ECF No. 297; *Sofman* ECF No. 174) are **DENIED WITHOUT PREJUDICE** for the same reasons as set forth above.  This Court recognizes Defendant's arguments in its motion and accordingly holds that Defendant may file or renew a motion to reconsider should any of the Movants or Reconsideration Movants be awarded funds in this action, if Defendant still challenges those movants' entitlement to such funds.  Until that time, this Court finds that each Movant - acting *pro se* - has provided sufficient information to permit this Court, in its discretion, to grant the desired substitution under Rule 25.

IT IS SO ORDERED.

s/ Eleni M. Roumel  
ELENI M. ROUMEL  
Chief Judge

---

[2] The Court also notes that the prior judge in these actions referred the cases to the *pro bono* counsel panel, but no attorney took on the representation.  *See Koopmann* ECF No. 89, *Sofman* ECF No. 93.