# In the United States Court of Federal Claims

| | |
|---|---|
| WILLIAM KOOPMANN, *et al.*, | |
| Plaintiffs, | No. 09-cv-333 T |
| v. | Filed: December 1, 2020 |
| THE UNITED STATES, | |
| Defendant. | |
| PETER SOFMAN, *et al.*, | |
| Plaintiffs, | |
| v. | No. 10-cv-157 T |
| THE UNITED STATES, | Filed: December 1, 2020 |
| Defendant. | |

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Defendant's "Motion to Dismiss Claims of Forty-Six Individual Plaintiffs for Want of Prosecution" pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims (Rules).  *See* ECF Nos. 319 (*Koopmann*) & 199 (*Sofman*). Specifically, Defendant argues that this Court should dismiss the claims of certain plaintiffs for failure to prosecute his or her claims because each failed to comply with the Court's April 28, 2020 (ECF Nos. 143 (*Koopmann*) & 117 (*Sofman*)) Orders, and May 11, 2020 (ECF Nos. 185 (*Koopmann*) & 132 (*Sofman*)) Orders, which required each plaintiff named in the *Sofman* and

*Koopmann* complaints to submit verified contact information to the Court on or before July 1, 2020.

On July 23, 2020, the Court received a Response from Plaintiffs Sofman, Koopmann, and Fetzer who have formed an informal "Plaintiff Committee" to coordinate amongst the various plaintiffs, all acting pro se, in the above captioned actions.  *See* Response (ECF Nos. 336 (*Koopmann*) & 204 (*Sofman*)) at 2.  The Response also stated that the Plaintiff Committee believed the plaintiffs identified by Defendant's Motion to Dismiss failed to respond to this Court's orders due to: (1) technology issues, (2) potential misinterpretation of orders, and (3) disabilities related to age and medical conditions.  *See* Response at 1.

Since Defendant filed the present Motion to Dismiss, several plaintiffs identified in Defendant's Motion submitted the information required by the Court's earlier orders or otherwise took steps reflecting a desire to continue litigating their claims against the United States, and the Defendant accordingly withdrew its Motion to Dismiss as against those plaintiffs.  *See* Defendant's Notice of Withdrawal of Motion to Dismiss for Want of Prosecution with Respect to Plaintiffs Atkins, DeCoudreaux, Hathaway, and Grosswiler (ECF Nos. 368 (*Koopmann*) & 230 (*Sofman*)) (Def. Notice of Withdrawal).  However, eighteen (18) plaintiffs still failed to submit any response and have not responded to any orders of this Court; Defendant continues to seek the dismissal of their claims for want of prosecution.  *See id*. at 3.  Specifically, the Defendant argues that the Court should dismiss claims in both *Koopmann* and *Sofman* by (1) Charles H. George and (2) Allen E. Snook; and claims in *Koopmann* by (3) Brian Leiding, (4) James B. Brooks, Sr., (5) Douglas R. Lund, (6) David S. Meik, (7) Joseph L. Galbraith, (8) William Mullen, (9) Magnus R. Hansen, (10) Richard E. Newton, (11) Wayne A. Jackson, (12) William Royall, Jr., (13) Stephen F.

Jakubowski, (14) Robert C. Seits, (15) Gerald W. Johnson, (16) Robert S. Tanons, (17) John Joyce, and (18) George Williams (collectively, the Non-Responsive Plaintiffs). *See id*.

For the reasons stated below, Defendant's Motion is **GRANTED**. The claims of the eighteen (18) Non-Responsive Plaintiffs are dismissed.

<u>BACKGROUND</u>

These cases involve a group of over 160 retired United Airlines pilots who allege that they are owed a partial refund of FICA taxes paid on non-deferred compensation benefits, where the obligation to continue paying plaintiffs such benefits was discharged as a consequence of United's bankruptcy. All plaintiffs are acting pro se*,* and none of the plaintiffs are attorneys or licensed to practice law. *See Generally* May 1, 2020 Joint Status Report (ECF Nos. 147 (*Koopmann*) & 118 (*Sofman*)) at 7 (outlining the procedural history of this litigation).

I. <u>Procedural History in *Koopmann*</u>

On May 26, 2009, another retired United pilot, William Koopmann, filed a lawsuit in the United States Court of Federal Claims against the United States similarly seeking, *inter alia*, a refund of the FICA taxes paid, relating to his retirement benefits. *See Koopmann v. United States*, No. 09-333, Complaint (ECF No. 1) (K, Compl.). All plaintiffs are proceeding pro se*,* and only Mr. Koopmann signed the Complaint*. Id*. Mr. Koopmann, who has vigorously prosecuted his case in good faith and with excellent intentions, but is not an attorney, originally purported to represent over 160 other retired United pilots, none of whom signed the Complaint. *Id*.

On July 27, 2009, Defendant moved for a more definite statement, requesting, *inter alia*, that the Court strike all the purported plaintiffs, other than Mr. Koopmann from the complaint. *See generally* Defendant's First Motion for a More Definite Statement (ECF No. 7). On November

18, 2009, Judge Block dismissed from this suit the other individuals named by Mr. Koopmann's

Complaint. *Koopmann v. United States*, No. 09-333 T, 2009 WL 4031119, at 1 (Fed. Cl. Nov. 18,

2009). On May 26, 2010, Judge Wolski, who was newly assigned to this case, vacated the portion

of the November 18, 2009 Order dismissing the individuals other than Mr. Koopmann from this

suit. *See* May 26, 2010 Order (ECF No. 62). Subsequently, those individuals filed "Plaintiff

Information Sheets," which Judge Wolski construed liberally as requests to join the case and

adopted the factual and legal allegations in the complaints of the lead plaintiff, Mr. Koopmann.

*See* Plaintiff Information Sheets (ECF No. 61); *see also* May 26, 2010 Order (ECF No. 62).

However, these "information sheets" did not contain all the information required by Rule 9(m) of

the Rules of the United States Court of Federal Claims, which mandate that a claim for a tax refund

include, *inter alia*, a statement identifying various information regarding the individual's tax

refund.

Accordingly, on February 17, 2011, Defendant renewed its Motion for a More Definite

Statement and again requested that the Court order all plaintiffs named in Mr. Koopmann's

Complaint provide the information required by Rule 9(m). *See generally* Def.'s Second Mot. for

a More Definite Statement (ECF No. 72) at 1-2; *See also* Def. Reply in Support of Second Mot.

for a More Definite Statement (ECF No. 74) at 3-4.

Mr. Koopmann filed a response on behalf of himself, arguing that Defendant had sufficient

information to assert an informed defense and arguing that if information is missing "Plaintiffs

will in [his] opinion, be fully agreeable to provide the missing information." Koopmann Resp. to

Def.'s Second Mot. for a More Definite Statement (ECF No. 73) at 2. The other purported

plaintiffs did not respond to Defendant's Motion.

II.  Procedural History in *Sofman*

On March 12, 2010, Mr. Sofman, a retired United pilot who was also a purported plaintiff in the *Koopmann* suit, filed a nearly identical suit naming fifty-two (52) retired United pilots. *Sofman v. United States*, No. 10-157, Complaint (ECF No. 1) (S, Compl.).  Many, but not all, of the plaintiffs who joined *Koopmann* by filing "Plaintiff Information Sheets" also joined *Sofman* in a similar manner.  *Id*.

On May 11, 2010, Defendant also filed a Motion for a More Definite Statement as to the Plaintiffs' claims in *Sofman*.  *See* ECF No. 76.  Again, none of the Plaintiffs subject to the present Motion to Dismiss responded to Defendant's Motion for a More Definite Statement.

III.  Transfer to the Undersigned Judge

The above-captioned actions were transferred to the undersigned judge on April 10, 2020. *See* ECF Nos. 135 (*Koopmann*), 113 (*Sofman*).  On April 28, 2020, this Court ordered Plaintiffs in each of the above-referenced cases to "file a notice verifying his or her current contact information—including (1) name, (2) current e-mail address (if plaintiff uses email), (3) current mailing address, and (4) current telephone number."  April 28, 2020 Order (ECF Nos. 143 (*Koopmann*), 117 (*Sofman*)).  Furthermore, despite the Non-Responsive Plaintiffs' pro se status, the Court attached to its Order an e-notification consent form so that all Plaintiffs could receive notifications via the Court's electronic filing system to ensure each Plaintiff, should they choose to do so, could receive electronic notice of this Court's orders pertaining to their respective claims. *See* E-Notification Consent Form (ECF Nos. 143-1 (*Koopmann*) & 117-1 (*Sofman*)).  The Court additionally directed the Clerk of Court to mail these orders to each plaintiff listed on the

complaints in *Koopmann* and *Sofman*. *See* May 7, 2020 Transcript (ECF Nos. 219 (*Koopmann*) & 146 (*Sofman*)) (May 7 Tr.) at 43.

On May 7, 2020, this Court held a telephonic status conference, which was attended by plaintiffs Peter Sofman, William Koopmann, Wesley Fetzer, and William Brashear, Defendant's counsel, and non-party Denis O'Malley. *See generally* May 7 Tr. at 1. During the status conference, Mr. Fetzer informed the Court that several plaintiffs had experienced difficulties electronically filing their updated contact information in accordance with the Court's April 28 Order. *See id.* at 50-58. Accordingly, to accommodate for the issues Mr. Fetzer raised, on May 11, 2020, the Court *sua sponte* extended the Plaintiffs' filing deadline until July 1, 2020. *See* May 11, 2020 Order (ECF Nos. 185 (*Koopmann*) & 132 (*Sofman*)).

That same day, this Court ordered Defendant to file any updated motions for a more definite statement. *See* Order (ECF Nos. 187 (*Koopmann*) & 133 (*Sofman*)). The Court also ordered Plaintiffs to file any responses to Defendant's updated motion for a more definite statement by July 2, 2020 and stated the following:

> Plaintiffs may collectively submit a Response to Defendant's Motion in a single filing provided that each individual Plaintiff who joins such a Response must sign at the end of the document with "s/[first and last name]" or via handwritten signature or a copy thereof. Any Plaintiff may alternatively submit an individual Response to Defendant's Motion. However, if a Plaintiff fails to submit a Response – either by joining a collective Response via signature or by filing an individual Response – they will waive any right to respond to or oppose Defendant's Motion.

*Id.* at 2 n.1. On June 4, 2020, Defendant timely moved for a more definite statement for a third time, again requesting that this Court order Plaintiffs to file the information required by Rule 9(m). *See* Def.'s Mot. for More Definite Statement as to all plaintiffs except Koopmann, Balestra, Bates & Brashear (ECF Nos. 252 (*Koopmann*) & 157 (*Sofman*)).

To date, it appears that eighteen (18) Plaintiffs have still not responded to this Court's April 28, 2020 Order (ECF Nos. 143 (*Koopmann*) & 117 (*Sofman*)), to its May 11, 2020 Order (ECF Nos. 185 (*Koopmann*) & 132 (*Sofman*)), to Defendant's Motions for a More Definite Statement (ECF Nos. 252 (*Koopmann*) & 157 (*Sofman*)), to Defendant's Motion to Dismiss Claims of Forty-Six Individual Plaintiffs for Want of Prosecution (ECF Nos. 319 (*Koopmann*) & 199 (*Sofman*)), or to any other deadlines in this case since filing their respective "Plaintiff Information Sheets."

<u>DISCUSSION</u>

Pursuant to Rule 41(b), a court may dismiss a case against any plaintiff for the failure to prosecute his claim.  RCFC 41(b); *see also Claude E. Atkins Enters., Inc.*, 899 F.2d 1180, 1183-84 (Fed. Cir. 1990) (finding dismissal proper when a party failed to comply with a court's order). Specifically, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."  RCFC 41(b); *see also Link v. Wabash R.R. Co*., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  Further, Rule 83.1(c)(3)(C) requires plaintiffs, including those acting pro se, to "promptly file with the clerk and serve on all other parties a notice of any change in [their] contact information."  RCFC 83.1(c)(3)(C); *see also* RCFC 83.1(a)(3) (imposing the requirement on pro se litigants).

This Court ordered Plaintiffs to verify their "current contact information—including (1) name, (2) current e-mail address (if plaintiff uses email), (3) current mailing address, and (4) current telephone number" by July 1, 2020.  *See* April 28, 2020 Order (ECF Nos. 143 *(Koopmann)* & 117 (*Sofman*)); May 11, 2020 Order (ECF Nos. 185 (*Koopmann*) & 132 (*Sofman*)).  Even after

the July 1, 2020 deadline, this Court continued to accept responses and Defendant has withdrawn its claims against any plaintiff who has submitted any filing to the Court in the interim. *See* Def. Notice to Withdraw.  Over five months have passed since the July 1, 2020 deadline expired, and the eighteen plaintiffs subject to Defendant's Motion still have yet to respond or submit any filing or correspondence to this Court in any respect.  Indeed, none of the eighteen plaintiffs subject to Defendant's Motion to Dismiss have filed responses to this Motion.  Moreover, none of these eighteen plaintiffs responded to the Defendant's Motions for More Definite Statement, to which the Court expressly ordered them to respond to by July 1, 2020.  *See* Order (ECF Nos. 187 (*Koopmann*) & 133 (*Sofman*)).  This Court has tried to reach the eighteen plaintiffs repeatedly; despite their pro se status, the Non-Responding Plaintiffs' failure to respond to this Court's Orders and comply with Rule 83.1 is sufficient reason to dismiss their claims for failure to prosecute.  *See Carpenter v. United States*, 38 Fed. Cl. 576, 577 (1997) (dismissing for failure to prosecute after plaintiff failed to respond to defendant's motions and court's order); *see also Bloomfield v. Wurtzberger*, No. 9:09-CV-619 GLS/RFT, 2011 WL 281026, at *4 (N.D.N.Y. Jan. 3, 2011) (dismissing for failure to update contact information), report and recommendation adopted, No. 9:08-CV-619 GLS RFT, 2011 WL 283280 (N.D.N.Y. Jan. 26, 2011).

Though other plaintiffs have proffered possible justifications for why the Non-Responsive Plaintiffs failed to respond or comply with this Court's Orders, none of those plaintiffs are authorized to speak for, or file responses on behalf of, the Non-Responsive Plaintiffs.  *See* RCFC 83.1(a)(3) (prohibiting an individual, who is not an attorney, from representing any other person, except one's immediate family or oneself); *see also Chief War Eagle Family Ass'n & Treaty of 1837 & 1917 Reinstatement v. United States*, 81 Fed. Cl. 234 (2007) (holding that a pro se plaintiff, who was not an attorney, could not represent named plaintiffs who were not members of his

immediate family); *Koopmann v. United States*, No. 09-333 T, 2009 WL 4031119, at *1 (Fed. Cl. Nov. 18, 2009) (holding that Mr. Koopmann cannot represent his fellow retired pilots where he is not an attorney admitted to practice in this court) (citing *Fuselier v. United States,* 63 Fed. Cl. 8, 11 (2004)).  Further, it is undisputed that none of these pro se plaintiffs are attorneys or licensed to practice law.  *See generally* May 1, 2020 Joint Status Report at 7-8.  This underscores the issue at hand—the Non-Responsive Plaintiffs have not responded to a Court order in this case in over ten years, and other pro se plaintiffs cannot appear or litigate on their behalf.  *See Cartagena v. Centerpoint Nine, Inc.*, 303 F.R.D. 109, 112 (D.D.C. 2014) ("A lengthy period of inactivity may also be enough to justify dismissal under Rule 41(b)." (internal citation and quotation omitted)); *Malone v. HSBC Mortg. Corp. USA*, No. 10 CIV. 8670 KBF, 2012 WL 406903 at *3 (S.D.N.Y. Feb. 7, 2012) (dismissing for failure to prosecute where plaintiff did not "take[] any affirmative steps to participate in t[hat] action" for five months); *Ahmed v. I.N.S.*, 911 F. Supp. 132, 134 (S.D.N.Y. 1996) (dismissing for failure to prosecute where plaintiff did not file anything for the three years since the first filing of his complaint).  The Non-Responsive Plaintiffs have simply failed to prosecute their case in any respect.

CONCLUSION

For the reasons set forth above, this Court **GRANTS** Defendant's "Motion to Dismiss Claims of . . . Individual Plaintiffs for Want of Prosecution" (*Koopmann* ECF No. 319, *Sofman* ECF No. 199)  pursuant to Rule 41(b).  The claims of the following Non-Responsive Plaintiffs are **DISMISSED WITH PREJUDICE** unless otherwise noted: (1) Charles H. George and (2) Allen E. Snook[1] in both *Koopmann* and *Sofman*; and (3) Brian Leiding, (4) James B. Brooks, Sr., (5)

---

[1] The Court understands that plaintiff Allen E. Snook may have recently passed away.  Therefore, the dismissal of Mr. Snook's claims is without prejudice if, in accordance with Rule 25, a proper party files a motion to substitute within ninety (90) days of this Memorandum and Order.

Douglas R. Lund, (6) David S. Meik, (7) Joseph L. Galbraith, (8) William Mullen, (9) Magnus R. Hansen, (10) Richard E. Newton, (11) Wayne A. Jackson, (12) William Royall, Jr., (13) Stephen F. Jakubowski, (14) Robert C. Seits, (15) Gerald W. Johnson, (16) Robert S. Tanons, (17) John Joyce, and (18) George Williams in *Koopmann*.

The Clerk of Court is directed to adjust the docket in accordance with this Memorandum and Order.

IT IS SO ORDERED.

   s/Eleni M. Roumel
ELENI M. ROUMEL
Chief Judge

Dated: December 1, 2020
Washington, D.C.