# In the United States Court of Federal Claims

|   |   |
|---|---|
| WILLIAM KOOPMANN, *et al*., | |
| Plaintiffs, | |
| v. | No. 09-cv-333 T |
| THE UNITED STATES, | Filed: January 12, 2021 |
| Defendant. | |
| PETER SOFMAN, *et al*., | |
| Plaintiffs, | |
| v. | No. 10-cv-157 T |
| THE UNITED STATES, | Filed: January 12, 2021 |
| Defendant. | |

*For Plaintiffs*:  William C. Brashear, Jr., Dawsonville, Georgia, William Koopmann, Lovettsville, Virginia, Peter Sofman, Stamford, Connecticut, and Wesley Fetzer, Fort Meyers, Florida, Plaintiffs *pro se.*

*For Defendant*:  Jason Bergmann, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C.

## MEMORANDUM AND ORDER

The United States Court of Federal Claims requires that litigants who file a tax refund action, such as the present plaintiffs, include certain information in their complaint to permit the Government and the Court to adequately assess the claim, including for statute of limitations purposes.  At issue in the present motion is whether plaintiffs should be required to submit information that comports with the requirements of Rules 9(m) and 12(e) of the Rules of the United

1

States Court of Federal Claims (Rules or RCFC), despite these actions' lengthy litigation history. As explained below, this Court agrees with Defendant that such information is required here, and holds that plaintiffs must each file an amended complaint that comports with this Court's Rules so that the Court may adequately assess, at minimum, whether each remaining plaintiff has timely brought its claim within the applicable statute of limitations period.

On June 4, 2020, Defendant moved pursuant to Rules 9(m) and 12(e) for "an order requiring plaintiffs to make a more definite statement of their tax-refund claims in the above-referenced cases . . . with the exception of William Koopmann, Louis Balestra, Walter Bates, and William Brashear." *See* Def.'s Mot. for More Definite Statement as to all plaintiffs except Koopmann, Balestra, Bates & Brashear (ECF Nos. 252 (*Koopmann*) & 157 (*Sofman*)) (Def. Mot.) at 1.[1]  As plaintiffs are proceeding *pro se*, the Court additionally requested that Defendant submit a proposed "short form complaint" that Defendant believed would assist plaintiffs in meeting the requirements of Rule 9(m).  *See* July 1, 2020 Order (ECF Nos. 314 (*Koopmann*) & 179 (*Sofman*)); *see also* Notice of Defendant's Proposed Short-Form Complaint (ECF Nos. 320 (*Koopmann*) & 200 (*Sofman*)); "[Proposed] Short Form Complaint" (ECF Nos. 320-1(*Koopmann*) & 200-1 (*Sofman*)).

Only plaintiffs Koopmann, Brashear, Fetzer, and Sofman (collectively, the Responding Plaintiffs) responded to Defendant's Motion for a More Definite Statement.  *See* Pls.' Resp. to

---

[1] During the pendency of this motion, the Court has dismissed the claims of Plaintiffs Koopmann, Balestra, Bates, and Brashear.  *See infra,* Background, Section III.  Mr. and Mrs. Bates have a claim pending in *Sofman* (*Sofman* Compl. Ex. (ECF 1-2) at 12-13), duplicative of their dismissed claim in *Koopmann*, and Defendant has recently moved to dismiss that claim as well.  *See* Defendant's Mot. to Dismiss Claims by Walter A. Bates and Sandra J. Bates (ECF No. 198 (*Sofman*)).

Def.'s Mot. to Dismiss (ECF No. 293 (*Koopmann*)).[2]  Responding Plaintiffs stated that they did not oppose providing the information that this Court's Rules require, but instead sought a stay from the Court in ruling on Defendant's Motion, to allow adjudication of Defendant's then-pending Motion to Dismiss Plaintiff Brashear's Complaint (ECF No. 114).  *Id*.  Subsequently, Responding Plaintiffs appeared to reverse their position.  *See* Motion to Reject Defendant's Proposed Short Form [Complaint] (ECF No. 335 (*Koopmann*); ECF No. 203 (*Sofman*)) (Pl. Mot.) at 1-4.  In their "Motion to Reject Defendant's Proposed Short Form [Complaint]," Responding Plaintiffs argued that all plaintiffs had already provided the information needed to meet the requirements of Rule 9(m).  *See id*. at 2-3.  Other than the Responding Plaintiffs, none of the other plaintiffs subject to Defendant's Motion for a More Definite Statement joined this Motion to Reject Defendant's Proposed Short Form [Complaint].  *See id*. at 4.

This Court has considered each of the parties' filings in ruling on Defendant's Motion for a More Definite Statement and Plaintiff's Motion to Reject Defendant's Proposed Short Form [Complaint].  For the reasons set forth below, this Court **GRANTS** Defendant's Motion for a More Definite Statement (ECF Nos. 252 (*Koopmann*) & 157 (*Sofman*)) and **DENIES** Plaintiff's Motion to Reject Defendant's Proposed Short Form [Complaint] (ECF Nos. 335 (*Koopmann*) & 203 (*Sofman*)).

<u>BACKGROUND</u>

Familiarity with the background of this litigation is presumed.  *See e.g.*, *Balestra v. United States*, 803 F.3d 1363 (Fed. Cir. 2015) (dismissing Balestra Plaintiffs' claims); *Koopmann v. United States*, No. 09-333 T, 2020 WL 1844657, at *1 (Fed. Cl. Apr. 10, 2020), *reconsideration denied,* No. 09-CV-333 T, 2020 WL 6938018 (Fed. Cl. Nov. 24, 2020) (dismissing Bates

---

[2] Plaintiffs did not file a response in *Sofman* to Defendant's "Motion for a More Definite Statement as to all Plaintiffs Except Koopmann, Balestra, Bates & Brashear." (ECF No. 157).

Plaintiffs' claims); *Koopmann v. United States*, 150 Fed. Cl. 290, 292 (2020) *reconsideration denied,* No. 09-CV-333 T, 2021 WL 75034 (Fed. Cl. Jan. 8, 2021) (dismissing Plaintiff Brashear's claims); *Koopmann v. United States*, 150 Fed. Cl. 299, 301 (2020) *reconsideration denied,* No. 09-CV-333 T, 2021 WL 75034 (Fed. Cl. Jan. 8, 2021) (dismissing Plaintiff Koopmann's claims); *Koopmann v. United States,* No. 09-CV-333 T, 2020 WL 7054417 (Fed. Cl. Dec. 1, 2020), *on reconsideration in part*, No. 09-CV-333 T, 2021 WL 29506 (Fed. Cl. Jan. 5, 2021) (dismissing seventeen plaintiffs' claims for failure to prosecute).   For ease of reference as relevant to the pending motions, the Court summarizes the litigation as follows:

I. <u>Procedural History in *Koopmann*</u>

On May 26, 2009, William Koopmann, a retired United Airlines pilot, filed a lawsuit in the United States Court of Federal Claims against the United States seeking, *inter alia*, a refund of the FICA taxes paid, relating to his retirement benefits.   *See Koopmann v. United States*, No. 09-333, Complaint (ECF No. 1) (*Koopmann* Compl.).   Mr. Koopmann, who has good intentions but is not an attorney, originally purported to represent over 160 other retired United pilots who had not signed the Complaint.   *Id.*   All plaintiffs are proceeding *pro se.*   *Id.*

On July 27, 2009, Defendant moved for a more definite statement, requesting, *inter alia*, that this Court strike from the Complaint all the purported plaintiffs, other than Mr. Koopmann. *See generally* Def. First Motion for a More Definite Statement (ECF No. 7 (*Koopmann*)).   On November 18, 2009, Judge Lawrence J. Block dismissed from this suit all other individuals named by Mr. Koopmann in the Complaint.   *Koopmann v. United States*, No. 09-333 T, 2009 WL 4031119 at 1 (Fed. Cl. Nov. 18, 2009).   On May 26, 2010, the Honorable Victor Wolski, who was then-newly assigned to this case, vacated the portion of the November 18, 2009 Order dismissing the individuals other than Mr. Koopmann from this suit.   *See* May 26, 2010 Order (ECF No. 62

(*Koopmann*)).  Subsequently, those individuals filed "Plaintiff Information Sheets," which Judge Wolski liberally construed as requests to join the case, adopting the factual and legal allegations in the Complaint of the lead plaintiff, Mr. Koopmann.  *See* Plaintiff Information Sheets (ECF Nos. 10, 59, 60, 61 (*Koopmann*)); *see also* May 26, 2010 Order at 5 (construing information sheets as amending Mr. Koopmann's Complaint to add 165 plaintiffs).  However, these "information sheets" did not contain all the information required by Rule 9(m) of the Rules of this Court, which mandates that a claim for a tax refund include, *inter alia*, a statement identifying various important and specific information regarding the claim.  *See* RCFC 9(m).

Accordingly, on February 17, 2011, the Defendant renewed its motion for a more definite statement and again requested that the Court order all plaintiffs named in Mr. Koopmann's Complaint provide the information required by Rule 9(m).  *See generally* Def. Second Mot. for a More Definite Statement (ECF No. 72 (*Koopmann*)) at 1-2; *see also* Def. Reply in Support of Second Mot. for a More Definite Statement (ECF No. 74 (*Koopmann*)) at 3-4.

Mr. Koopmann filed a response on behalf of himself arguing that Defendant had sufficient information to assert an informed defense and argued that, if information was missing, "Plaintiffs will in [his] opinion, be fully agreeable to provide the missing information."  Koopmann Resp. to Def. Second Mot. for a More Definite Statement (ECF No. 73 (*Koopmann*)) at 2.  The other purported plaintiffs did not respond to Defendant's motion.

II. Procedural History in *Sofman*

On March 12, 2010, Peter Sofman, another retired United pilot who was also a purported plaintiff in the *Koopmann* suit, filed a nearly identical suit naming fifty-two (52) retired United pilots.  *Sofman v. United States*, No. 10-157, Complaint (ECF No. 1 (*Sofman*)) (*Sofman* Compl.).  Many, but not all, of the plaintiffs who joined *Koopmann* by filing "Plaintiff Information Sheets"

also joined *Sofman* in a similar manner.  *See id*. at *Sofman* Compl. Ex. 1 (ECF No. 1-1 (*Sofman*)).[3]
As in *Koopmann*, the plaintiffs who joined the *Sofman* suit did not provide the Court with all of
the information required by Rule 9(m).  *See id.*

On May 11, 2010, Defendant filed a motion for a more definite statement as to the
plaintiffs' claims in *Sofman*.  *See* ECF No. 76 (*Sofman*).  Again, plaintiffs subject to Defendant's
motion for a more definite statement did not respond to that motion.

III. Transfer to the Undersigned Judge

On April 10, 2020, over nine years after Defendant filed the above-referenced motions for
a more definite statement, these actions were reassigned to the undersigned judge.  *See* ECF Nos.
135 (*Koopmann*), 113 (*Sofman*).

On May 7, 2020, this Court held a status conference, attended by Plaintiffs Peter Sofman,
William Koopmann, Wesley Fetzer, and William Brashear; Defendant's counsel, and non-party
Denis O'Malley.  *See* May 7, 2020 Tr. (ECF Nos. 219 (*Koopmann*) & 146 (*Sofman*)).  During the
status conference, the Court noted that each plaintiff's claim involved different facts, such as
"when each person retired" and "when all the tax was originally paid," and that "each person
[would] have a different statute of limitations based on their own circumstances."  May 7, 2020
Tr. at 18:5-9.  Accordingly, the Court stated that, in order to resolve each plaintiff's individual tax
refund claim, the Court would "give every Plaintiff a chance . . . to lay out the information that's
needed [under Rule 9(m)]."  *Id*. at 20:2-5.

---

[3] On May 2, 2011, Plaintiff Sofman filed a motion to join six non-parties to the case. (ECF No. 82
(*Sofman*)).  In response, Defendant stated that, "[t]o the extent that the May 2, 2011, submission
is treated as an amendment to the complaint, adding parties to this suit, defendant intends its
pending motion[]" for a more definite statement "to apply to those parties as well."  (ECF No. 83
at 2 (*Sofman*)).  The Clerk of Court subsequently added these parties to the docket.

That same day, this Court denied Defendant's long-pending motions for more definite statements as moot and ordered Defendant to file any updated motions based on the current case status and law.  *See* May 11, 2020 Order (ECF Nos. 187 (*Koopmann*) & 133 (*Sofman*)).  The Court also ordered Plaintiffs to file their Responses to Defendant's updated motions for a more definite statement by July 2, 2020 and stated the following:

> Plaintiffs may collectively submit a Response to Defendant's Motion in a single filing provided that each individual Plaintiff who joins such a Response must sign at the end of the document with "s/[first and last name]" or via handwritten signature or a copy thereof.  Any Plaintiff may alternatively submit an individual Response to Defendant's Motion.  However, if a Plaintiff fails to submit a Response – either by joining a collective Response via signature or by filing an individual Response – they will waive any right to respond to or oppose Defendant's Motion.

*Id*. at 2 n.1.  On June 4, 2020, Defendant timely moved for a more definite statement for a third time in *Koopmann* and a second time in *Sofman*, again requesting that this Court order plaintiffs to file the information required by Rule 9(m).  *See* Def. Mot. for More Definite Statement as to all plaintiffs except Koopmann, Balestra, Bates & Brashear (ECF Nos. 252 (*Koopmann*) & 157 (*Sofman*)) (Defendant's Motion for a More Defendant Statement or Def.'s Mot.).

In its Motion for More Definite Statement, Defendant—pursuant to Rules 9(m) and 12(e)– moved for "an order requiring plaintiffs to make a more definite statement of their tax-refund claims in the above-referenced cases . . . with the exception of William Koopmann, Louis Balestra, Walter Bates, and William Brashear."  Def. Mot. at 1.  Because plaintiffs are proceeding *pro se*, the Court requested that Defendant submit a proposed "short form complaint" that would be used to assist each plaintiff in meeting the requirements of Rule 9(m).  *See* July 1, 2020 Order (ECF Nos. 314 (*Koopmann*) & 179 (*Sofman*)).

On, June 16, 2020, the Responding Plaintiffs responded to Defendant's Motion for a More Definite Statement.  *See* Pls.' Resp. to Mot. for More Definite Statement (ECF No. 293

(*Koopmann*)).[4]  In their Response, Responding Plaintiffs explained that the previously-assigned judge did not rule on Defendant's motions for more definite statements in the thought that Plaintiff Brashear's Motion could be designated as a "test case."  *Id*. at 3.  They further stated that they did not oppose providing the information requested by Defendant (and required by this Court's Rules), but noted that it could be more efficient to stay ruling on Defendant's Motion until the Court adjudicated Defendant's then-pending motion to dismiss Plaintiff Brashear's complaint (Motion to Dismiss).  *Id*. at 2-3.  They further argued that "if the Defendant prevails [on the Motion to Dismiss], it would be pointless to go through this exercise."  *Id*. at 2.  No other plaintiffs, apart from the four Responding Plaintiffs joined this Response to the Defendant's Motion.  Plaintiff James W. Schultz, Jr. filed a separate response to Defendant's Motion for a More Definite Statement on June 15, 2020, in which he provided the requisite Rule 9(m) information.  *See* Pl. Schultz's Resp. to Mot. for More Definite Statement (ECF No. 292 (*Koopmann*)).[5]

On July 16, 2020, Defendant submitted a proposed short form complaint that it contends plaintiffs could use to meet the requirements of Rule 9(m) and 12(e).  *See* Notice of Defendant's Proposed Short-Form Complaint (ECF Nos. 320 (*Koopmann*), 200 (*Sofman*)); "[Proposed] Short Form Complaint" (ECF Nos. 320-1 (Koopmann), 200-1 (*Sofman*)) (collectively, Short Form Complaint).  The Short Form Complaint requests that each plaintiff subject to Defendant's Motion for a More Definite Statement "adopts and incorporates by reference the Complaint filed in

---

[4] Plaintiffs did not file a Response to Defendant's Motion in *Sofman*.

[5] In its Reply in Support of its Motion for a More Definite Statement, Defendant indicated its belief that Mr. Schultz's submission appears to have met the requirements of Rules 9(m) and 12(e).  *See* Reply in Support of Motion for a More Definite Statement (ECF No. 310) (Def. Reply) at 3.  The Court therefore interprets Defendant as withdrawing its Motion for a More Definite Statement as to Plaintiff Schultz, and Plaintiff Schultz need not file an additional Short Form Complaint.  Additionally, during the pendency of this motion, the Court received Short Form Complaints from Plaintiffs Leslie Kero and Louis Atkins.  (ECF Nos. 388, 390.)  Plaintiffs Kero and Atkins need not file additional Short Form Complaints with the Court at this time.

*Koopmann v. United States*, No. 09-333-T, on May 26, 2009, all exhibits to that Complaint, and any subsequent amendments to that Complaint." *See* [Proposed] Short Form Complaint at 1. It also requests that each Plaintiff provide the following information to support their claim:

    1. Name of plaintiff;

    2. Current address [and] telephone number;

    3. Current email address (if plaintiff uses email);

    4. Name of retired pilot (if different from plaintiff);

    5. Social security number of retired pilot;

    6. Date of filing of pilot's refund claim with IRS;

    7. Tax period(s) for which pilot's claim with IRS sought a refund;

    8. Whether IRS disallowed refund claim;

    9. Date IRS disallowed refund claim (if claim was disallowed);

    10. A complete copy of the pilot's refund claim with the IRS, including *all* attachments to that claim.

*Id*. at 2-3.

Approximately one month later, on July 23, 2020, Responding Plaintiffs appeared to reverse their previous position that they were amenable to providing supplemental information to satisfy Rule 9(m)'s requirements. *See* Motion to Reject Defendant's Proposed Short Form Claim (ECF Nos. 335 (*Koopmann*), 203 (*Sofman*)) (Pl. Mot.) at 1-4. In their "Motion to Reject Defendant's Proposed Short Form Claim [sic]," Responding Plaintiffs argued that plaintiffs had already provided the information needed to meet the requirements of Rule 9(m). *See id*.

Since Responding Plaintiffs filed that response, this Court has dismissed Mr. Brashear's claim. *Koopmann v. United States*, 150 Fed. Cl. 290, 292 (2020) (granting motion to dismiss Mr. Brashear's claims). The Court also dismissed the claims of several of Mr. Brashear's co-plaintiffs.

9

*See e.g.*, *Koopmann v. United States*, 150 Fed. Cl. 299, 301 (2020) (dismissing Plaintiff Koopmann's claims); *Koopmann v. United States*, No. 09-CV-333 T, 2020 WL 6938018, at *1 (Fed. Cl. Nov. 24, 2020) (denying Plaintiff Bates' motion for reconsideration); *Koopmann v. United States*, No. 09-CV-333 T, 2020 WL 7054417 (Fed. Cl. Dec. 1, 2020) (dismissing Plaintiffs (1) Charles H. George and (2) Allen E. Snook in *Koopmann* and *Sofman*; and claims in *Koopmann* by (3) Brian Leiding, (4) James B. Brooks, Sr., (5) Douglas R. Lund, (6) David S. Meik, (7) Joseph L. Galbraith, (8) William Mullen, (9) Magnus R. Hansen, (10) Richard E. Newton, (11) Wayne A. Jackson, (12) William Royall, Jr., (13) Stephen F. Jakubowski, (14) Robert C. Seits, (15) Gerald W. Johnson, (16) Robert S. Tanons, (17) John Joyce, and (18) George Williams for failure to prosecute); *Koopmann v. United States*, No. 09-cv-333 T, 2021 WL 29506, at *1 (Fed. Cl. Jan. 5, 2021) (denying reconsideration of December 1, 2020 Order, except as to Plaintiffs Jakubowski, Lund, Newton, and Johnson).

## DISCUSSION

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  RCFC 12(e).

As noted, the present actions involve claims for tax refunds.  Pursuant to 26 U.S.C. § 7422, a taxpayer may bring an action in this court to recover internal revenue tax allegedly erroneously or illegally assessed, provided that the taxpayer first files a claim for a refund with the Internal Revenue Service (IRS).  26 U.S.C. § 7422(a); *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *Dumont v. United States*, 345 F. App'x 586, 592 (Fed. Cir. 2009).  Section 7422(a) of the Internal Revenue Code states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or

collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Accordingly, to properly invoke this court's jurisdiction in a tax refund suit, a plaintiff must comply with 26 U.S.C. § 7422(a). *See Clintwood*, 553 U.S. at 14; *Commn'r v. Lundy*, 516 U.S. 235, 240 (1996) ("[P]rovisions governing refund suits in . . . the United States Court of Federal Claims . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing suit."); *Dumont*, 345 F. App'x at 589-90 (affirming dismissal of claim for "the illegal determination and assessment of taxes," where the United States Court of Federal Claims properly treated plaintiff's claim as one for a tax refund and dismissed that claim for lack of jurisdiction due to untimely filing of an administrative tax refund claim) (citation and internal quotations marks omitted).  Further, a plaintiff seeking a refund of taxes in this Court must file a complaint that comports with the pleading requirements of Rule 9(m), which reflects pleading requirements necessary to meet the jurisdictional threshold established by 26 U.S.C. § 7422(a). *See* RCFC 9(m). Enforcement of Rule 9(m) ensures that the plaintiff has met the jurisdictional requirements of Internal Revenue Code Section 7422(a). *Artuso v. United States*, 80 Fed. Cl. 336, 338-39 (Fed. Cl. 2008).

As noted, Mr. Koopmann, a non-attorney, is proceeding *pro se.*  While an individual who is not an attorney may represent himself or a member of his immediate family, they "may not represent a corporation, an entity, or any other person in any proceeding before this court."  RCFC 83.1(a)(3).  The other plaintiffs have not stipulated to be bound by any representative claims. Accordingly, each claim by each plaintiff must be considered in light of its own unique facts and circumstances.  To date, many of the purported plaintiff "information sheets" do not include the

tax period for which the plaintiff seeks a refund, social security or taxpayer identification numbers, or a specific refund claim.  *See e.g.*, Plaintiff Information Sheets (ECF No. 61 (*Koopmann*)) at 46 (Plaintiff Fetzer's Information Sheet missing, *inter alia*, a tax payer identification number and tax period for which refund is sought), at 71 (Plaintiff Hurst's Information Sheet missing, *inter alia*, tax period for which Plaintiff seeks a refund), at 91 (Plaintiff Leiding's Information Sheet missing, *inter alia*, a claim for refund); *Sofman* Compl. Ex. 1 at 18 (Plaintiff Biscailuz's information attached to the *Sofman* Complaint missing, *inter alia*, a claim for refund), at 42 (Plaintiff Grosswiler's information attached to the *Sofman* Complaint missing, *inter alia*, a taxpayer identification number and tax period for which refund is sought).  This information is required by Rule 9(m) and without it, Defendant is unable to meaningfully respond to plaintiffs' claim(s) and this Court cannot properly determine whether it possesses jurisdiction to adjudicate plaintiffs' claim(s) for a tax refund.  In short, each individual plaintiff must comply with Rule 9(m)'s requirements.

Furthermore, Defendant's Proposed Short Form Complaint is simply a tool to assist each plaintiff in providing the information required by Rule 9(m).  Rule 9(m)(2) requires that a plaintiff provide:

(A) a copy of the claim for refund, and
(B) a statement identifying:
(i) the tax year(s) for which a refund is sought;
(ii) the amount, date, and place of each payment to be refunded;
(iii) the date and place the return was filed, if any;
(iv) the name, address, and identification number of the taxpayer(s) appearing on the return;
(v) the date and place the claim for refund was filed; and
(vi) the identification number of each plaintiff, if different from the identification number of the taxpayer.

RCFC 9(m)(2).  Aside from the proposed inclusion of a statement that plaintiffs adopt the claims made in the *Koopmann* Complaint (which Plaintiffs' Information Sheets appear to have already

done), Defendant's Proposed Short Form Complaint does not appear to require information in excess of what is required by Rule 9(m).  Therefore, the Proposed Short Form Complaint, which is provided for each Plaintiff's convenience, does not unduly prejudice Plaintiffs in any way.  Still, if a Plaintiff wishes to do so, they may provide the information required in Rule 9(m) in another form.

<u>CONCLUSION</u>

For the reasons set forth above, this Court **GRANTS** Defendant's Motion for a More Definite Statement (ECF Nos. 252 (*Koopmann*) & 157 (*Sofman*)) and **DENIES** Plaintiff's Motion to Reject Defendant's Proposed Short Form Claim (ECF Nos. 335 (*Koopmann*) & 203 (*Sofman*)). Further, for the reasons stated above, each individual plaintiff remaining in these actions is **ORDERED** to file by March 1, 2021, a completed short form complaint or an equivalent document that meets the requirements of Rule 9(m).[6]  A copy of a short form complaint for use by plaintiffs, if they so wish, is attached to this Order at Appendix A.

It is further **ORDERED** that no plaintiff may provide the Court with the requisite Rule 9(m) information as it relates to any plaintiff other than his or herself.  If a plaintiff cannot provide the requested information, the plaintiff must note this to the Court in his or her filing and, if relevant, explain the circumstances.

---

[6] In its Motion for a More Definite Statement, Defendant also requested that this Court clarify whether it construes Mr. Robert Scott and Mr. David Cobb as proper plaintiffs in light of Mr. Scott's February 6, 2017 "Plaintiff Information" form (ECF No. 101 (*Sofman*)) and Mr. Cobb's February 6, 2017 "Plaintiff Information" form (ECF No. 106 (*Koopmann*)).  *See* Def. Mot. at 10-11.  The Court clarifies that it considers Messrs. Scott and Cobb to be proper plaintiffs.

If Defendant believes that the information provided in Plaintiffs Scott, Cobb, Kero, or Aktins's Short Form Complaints is deficient under Rule 9(m), Defendant may renew its motion for a more definite statement regarding these plaintiffs by February 1, 2021.

The Clerk of Court is directed to publicly file a version of each plaintiff's short form complaint redacting the plaintiff's social security number, and to file the original document under seal.

IT IS SO ORDERED.

  s/Eleni M. Roumel
ELENI M. ROUMEL
Chief Judge

January 12, 2021
Washington, D.C.

14