# In the United States Court of Federal Claims

No. 10-157
(Filed: May 17, 2022)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| PETER SOFMAN, *et al.*, | \* |
| | \* |
| Plaintiffs, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Pro Se*; Equitable Relief; Tax Refund Claim; Lack of Subject-Matter Jurisdiction; RCFC 12(b)(1).

*Peter Sofman*, Stamford, CT, *pro se*.

*Jason Bergmann*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

The government seeks to dismiss request for relief numbers (3) and (4) of Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). The government argues that these "separate (non-monetary) claims for equitable relief" should be dismissed because the Court is not authorized to award the declaratory and injunctive relief sought by Plaintiffs. Def.'s Mot. to Dismiss at 2, ECF No. 170. For the reasons stated below, the government's motion to dismiss is **GRANTED**.

This case has a lengthy procedural history, and familiarity with its background is presumed. *See, e.g.*, *Balestra v. United States*, 803 F.3d 1363 (Fed. Cir. 2015) (affirming the dismissal of the plaintiffs' claims); *Koopmann v. United States*, 151 Fed. Cl. 336, 337-38 (2020), *on reconsideration in part*, 151 Fed. Cl. 751 (2021) (dismissing seventeen plaintiffs' claims for failure to prosecute). Stated briefly, this case involves a group of retired United Airlines pilots, proceeding *pro se*, seeking individual refunds of Federal Insurance Contributions Act ("FICA") taxes that were paid on nonqualified deferred compensation benefits, which were never received due to the bankruptcy of their employer, United Airlines. *See* Compl. at 3-5, ECF No. 1. In addition to a refund of overpaid FICA taxes, Plaintiffs also seek:

> (3) Judgment that the statute, [26 U.S.C. §] 3121 (v)(2) is so vague that it does not specifically enumerate the practices that are either required or prohibited, so the ordinary employer does not know whether the law requires a funded plan and transfer of wealth, or whether a promise of future income is a taxable event. The Regulations force the latter choice on the employer.
>
> (4) Declaratory judgment that excess taxes be refunded to all Retired United Pilots who suffered losses due to the intentionally vague wording of the statute. The Agency should be notified that its interpretation of Title 26 [U.S.C.] § 3121 (v)(2) is wrong, and ordered to follow 28 U.S.C. § 1346(a)(1) requiring refunds of all [United Airlines] retirees' excessively and improperly collected taxes. Such an order would be ancillary to the Court's de novo disposition of one or more Plaintiff claims, and not an independent Declarative Judgment.

*Id.* at 17 (emphasis and internal citation omitted). The government moves to dismiss request for relief numbers (3) and (4) arguing, *inter alia*, that these requests seek declaratory and injunctive relief that this Court lacks jurisdiction to award.[1] Def.'s Mot. to Dismiss at 2. The Court agrees and accordingly dismisses request for relief numbers (3) and (4) of the Complaint.

The United States Court of Federal Claims has limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Court's jurisdiction is established by the Tucker Act, which states, in relevant part, that this Court:

> [S]hall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2018). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d. 1338, 1343 (Fed. Cir. 2008). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (internal citations omitted).

This Court does not have authority to grant the equitable relief sought by Plaintiffs in their request for relief numbers (3) and (4). Although this Court has jurisdiction over tax refund claims, *Russell v. United States*, 78 Fed. Cl. 281, 286 (2007), it lacks "independent jurisdiction

---

[1] The government also moves to dismiss on the grounds that requests for relief number (3) and (4) are barred by the Anti-Injunction Act and tax exception to the Declaratory Judgment Act, the plaintiffs lack standing to seek the requested injunctive and declaratory relief, and the plaintiffs' attempt to request refunds to "all UAL retirees" is an improper attempt to pursue a class action. Def.'s Mot. to Dismiss at 2. Because this Court lacks jurisdiction to grant the requested declaratory relief, the Court does not reach these additional grounds for dismissal.

over . . . claims for equitable relief," except in limited circumstances. *Brown*, 105 F.3d at 624. Under the Tucker Act, outside of bid protests, equitable relief is only available when it is "incidental of and collateral to" a money judgment. *See* 28 U.S.C. § 1491(a)(2); *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). The Tucker Act further limits the Court's authority to provide equitable relief that is incidental of and collateral to a money judgment to "orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. § 1491(a)(2). Thus, while the Court may consider Plaintiffs' monetary claims for refunds of overpaid FICA taxes (subject to certain jurisdictional prerequisites), the equitable relief requested by Plaintiffs in requests for relief numbers (3) and (4) falls clearly outside of the Court's jurisdiction. *See Brown*, 105 F.3d at 624; *Schlabach v. United States*, 97 Fed. Cl. 232, 233-34 (2011); *Marcinkowsky v. United States*, 44 Fed. Cl. 610, 613 (1999).

The only Plaintiff who is active in this case that responded to the government's motion to dismiss was Peter Sofman. *See* Pl.'s Resp. at 7, ECF No. 182. After conceding to the dismissal of request for relief number (3), Mr. Sofman argues against dismissal of request for relief number (4) on the grounds that the IRS's denial of the Plaintiffs' due process rights in interpreting and applying § 3121(v)(2) provides a separate source of substantive law that creates a right to money damages. *See id.* at 2-7. This argument, however, does not change the wording and substance of request for relief number (4) in the complaint, which seeks equitable relief that falls outside of this Court's jurisdiction. Further, to the extent Mr. Sofman asserts that request for relief number (4) is intended as a separate claim for monetary relief arising from a denial of due process in relation to the IRS's handling of the individual tax refund requests, it is well-established that due process violations do not provide this Court with jurisdiction because the Due Process Clause of the Fifth Amendment does not mandate payment of money by the government. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) (collecting cases); *Wolffing v. United States*, 144 Fed. Cl. 626, 639 (2019).

For these reasons, the government's motion to dismiss is **GRANTED**. Request for relief numbers (3) and (4) are dismissed from Plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
